NO. 07-01-0230-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 23, 2002

_____

RICARDO JALOMO LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 13766-0006; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ricardo Jalomo Lopez appeals from his conviction for aggravated assault. By two issues he urges that his challenge of a juror was improperly denied and that he received ineffective assistance from his trial counsel. We affirm.

BACKGROUND

Appellant was indicted by a Hale County grand jury for the offense of aggravated assault. See TEX. PEN. CODE ANN. § 22.02(a)(2) (Vernon 1994). The indictment arose from an incident in which appellant met Herlinda Esparza at a dance, took her in his car to "get a drink," and then stopped on a rural road and allegedly choked and hit her. Esparza graphically described appellant's placing an extension cord around her neck from behind, telling her that he was going to kill her, and tightening the cord so that she blacked out and had residual red rings on her neck.

Appellant pled not guilty and the case was called for jury trial on April 26, 2001. Following completion of *voir dire* of the jury venire, the trial court recessed the venire and allowed counsel to present challenges for cause. Counsel for appellant challenged three members of the panel for cause, and the court granted all three challenges. The trial court then recessed court for counsel to make peremptory challenges. Counsel were instructed to bring the peremptory challenges to the judge in his chambers. The State turned in its peremptory challenges. Subsequently, counsel for appellant tendered his peremptory challenges to the court and also identified a particular veniremember by name and number to the court and challenged the venireperson for cause. The challenge was because "[I]t was not clear on the record as to whether she had sat on this Grand Jury."

The trial court denied the challenge for cause on the basis that it was not timely presented and was waived. Appellant did not use a peremptory challenge to strike the venireperson identified and challenged, and that person was seated as a member of the jury.

Appellant brings two issues. His first issue asserts that the trial court erred in denying his challenge to the veniremember on the basis that the challenge was not timely presented and was waived. Issue two urges that his trial counsel rendered ineffective assistance of counsel because he failed to timely challenge the veniremember who served on the Grand Jury which indicted appellant.

## ISSUE 1: THE CHALLENGE FOR CAUSE

We need not decide if the trial court erred in denying appellant's challenge as it was worded and at the time it was made. For, even if appellant is correct that the trial court erroneously denied his challenge, when the trial court errs in overruling a challenge against a venireperson, the defendant is harmed only if the defendant uses a peremptory strike to remove that venireperson and thereafter suffers a detriment from the loss of the strike. See Garcia v. State, 887 S.W.2d 846, 852 (Tex.Crim.App. 1994). Error was preserved for appeal only if appellant used a peremptory challenge to strike the venireperson challenged for cause, used all his peremptory strikes, asked for and was refused additional peremptory strikes, and was then forced to take an identified objectionable juror whom appellant would not otherwise have accepted had the trial court granted his challenge for cause or granted him additional peremptory strikes so that he might strike the juror. Id.

At the time appellant made his challenge of venireperson 18 for cause, appellant also presented the trial court with his peremptory challenges, none of which had been

3

used to strike venireperson 18. Whether we classify appellant's actions as "waiver," as did the trial court, whether we classify the actions as failure to preserve error, or whether we conclude that appellant has not shown that he was harmed by the trial court's actions, the effect is the same: we must overrule appellant's first issue. For, as an appellate court, we uphold the trial court's decision if it was correct under any theory of law applicable to the case, regardless of whether the trial court gave the correct reason for its decision. See Jones v. State, 982 S.W.2d 386, 389 (Tex.Crim.App. 1998). We overrule issue one.

## ISSUE 2: INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's second issue is related to his first issue. He asserts that his counsel was ineffective because of counsel's failure to timely challenge a veniremember who served on the Grand Jury which indicted appellant for the crime. He bases his issue on trial counsel's failure to (1) question the venireperson to find out for certain whether she served on the Grand Jury which indicted appellant; (2) question the venireperson about whether her prior knowledge of the case, if any, could be put aside in deliberations if she were on the jury; (3) properly challenge the venireperson, pursuant to TEX. CRIM. PROC. CODE ANN. art. 35.16(a)(7) (Vernon 1999), for having been a Grand Juror on the case; and (4) preserve error in regard to a challenge to the venireperson. His argument that he was harmed by counsel's omissions then assumes that venireperson 18 was in fact on the Grand Jury and that venireperson 18 as a juror could not and did not set aside any prior knowledge she had of the case and reach a decision solely on the evidence presented at trial.

4

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel,[1] Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S.668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). The defendant must first prove that counsel's performance was deficient, i.e., that counsel's assistance fell below an objective standard of reasonableness. Id. If appellant has demonstrated deficient assistance of counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the deficient assistance. Id. In proving prejudice, appellant must prove a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. See Hernandez, 726 S.W.2d at 55.

Any allegation of ineffective assistance of counsel must be firmly founded in the record. The record must affirmatively demonstrate both ineffectiveness and prejudice. See McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. If the record is silent about the reasons for the questioned actions or omissions of counsel, then

[1] Appellant does not specify that his claim is limited to a Sixth Amendment claim. He does not separately brief or argue a Texas constitutional claim, nor does he argue that the Texas Constitution provides more protection to him in this matter than does the United States Constitution. Under such circumstances, we need not and will not address a state constitution claim separately. See Johnson v. State, 853 S.W.2d 527, 533 (Tex.Crim.App. 1992).

an appellate court would have to speculate as to the reasons for the actions or alleged omissions on the part of trial counsel. A decision based on speculation would be based on no evidence, even though the actions or alleged omissions might be objectively unreasonable representation under the first prong of the Strickland test. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

The direct appeal record before us does not prove either prong of appellant's ineffective assistance claim. As to the first prong, the record contains no evidence, for example, of (1) trial counsel's mental processes in not questioning the veniremember who expressed some impression of having been on the Grand Jury; (2) what knowledge, if any, counsel had of the veniremember either from his own prior experience or from information related to him by others,[2] including appellant, see Ex parte Ewing, 570 S.W.2d 941, 947 (Tex.Crim.App. 1978); or (3) why appellant's counsel did not use a peremptory challenge to strike venireperson 18 when at the time appellant's peremptory challenges were exercised counsel was mindful of the possibility that she had served on the Grand Jury. We will not conclude that appellant's counsel was ineffective based on speculation as to counsel's knowledge, trial strategy or mental processes. See Jackson, 877 S.W.2d at 771.

In regard to the second Strickland prong, even if we assume, *arguendo*, that a member of the Grand Jury which indicted appellant actually served as a juror, the record

---

[2]For example, the jury information card filled out by venireperson 18, which is in the clerk's record, reflects that she previously served on both civil and criminal juries. In some counties a small jury pool affords trial counsel opportunities to encounter jurors repetitively, or to have access to information on jurors who have previously served. The record before us does not address such possibilities.

6

does not prove that appellant was harmed. The record reflects that (1) the jury was timely sworn, see TEX. CRIM. PROC. CODE ANN. art. 35.22;[3] (2) during preliminary instructions to the jury after administering the oath, the trial court cautioned the jurors that "Your oath states that you will render a verdict based on the evidence that's admitted to you during the trial of this case"; (3) the jury charge stated, in part, that "During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence."

We presume that juries follow the instructions of the court. See Cobarrubio v. State, 675 S.W.2d 749, 752 (Tex.Crim.App. 1983). This record does not contain evidence that the jury failed to follow the trial court's instructions, and we will not speculate to the effect that it did so. We overrule appellant's issue two.

CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Phil Johnson
Justice

---

[3]Absent a showing to the contrary in the record, we will presume the regularity of the proceedings. See Schneider v. State, 594 S.W.2d 415, 418 (Tex.Crim.App. 1980).

7

Publish.