NOS. 07-00-0105-CR; 07-00-0106-CR;


 07-00-0107-CR; 07-00-0108-CR;

 07-00-0109-CR; 07-00-0110-CR;

 07-00-0111-CR; 07-00-0112-CR


IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 21, 2003


______________________________




WILLIAM CASH LOVE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;


NOS. B3249-99-07CR; B3250-99-07-CR; B3251-99-07-CR; B3252-99-07-CR;


B3253-99-07-CR; B3254-99-07-CR; B3352-99-07-CR; B3354-99-07-CR


HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant William Cash Love appeals from eight convictions for delivery of
controlled substances. The charges were consolidated for trial. Appellant presents 38
issues in his consolidated appeal. We reverse and remand. 

 Appellant was indicted in Swisher County in Causes B3249-99-07-CR, B3250-99-07-CR, B3251-99-07-CR, B3252-99-07-CR, B3253-99-07-CR, B3254-99-07-CR, B3352-99-07-CR, B3354-99-07-CR. The indictments were for delivery of controlled substances
of various kinds and amounts on various occasions. The charges were consolidated for
trial before a jury, which returned guilty verdicts and assessed varying punishments. 
Appellant has appealed each conviction. 

 Appellant's consolidated brief presents 38 issues by which he prays that we reverse
the convictions and remand the cases for new trials. Via issues one through eleven
appellant asserts that the State failed to disclose material evidence which was exculpatory,
favorable to appellant, or which could have been used to impeach State witnesses. 

 Appellant has filed a supplemental brief to which he attached an appendix
consisting of parts of a document entitled Joint Stipulated Findings of Fact and
Conclusions of Law from a collateral proceeding ("the Stipulations"). The Stipulations set
out that the State, appellant, and others, stipulate to matters set out in the document. 

 Following filing of appellant's supplemental brief, the State advised the Court that
the document appended to appellant's supplemental brief accurately sets forth the State's
"new position" in regard to appellant's appellate issues and matters included in the
document. 

 Included in the Stipulations are specific findings and conclusions that the State did
not disclose to appellant or his counsel, either pre-trial or during trial, evidence which (1)
was material to appellant's defense, (2) was favorable to appellant, and (3) would have
been used to impeach State's witnesses. Also included in the Stipulations is an agreed-to
conclusion that the Brady (2) doctrine was violated and that the cases should be remanded
for a new trial. 

 The State has an affirmative duty to disclose material, exculpatory evidence to a
defendant. See Brady, 373 U.S. at 87; Ex parte Kimes, 872 S.W.2d 700, 702
(Tex.Crim.App. 1993). Brady evidence is "material" if there is a reasonable probability
that if the evidence had been disclosed, the outcome of the proceeding would have been
different. United States v. Bagley, 473 U.S. 667, 681-82, 105 S.Ct. 3375, 87 L.Ed.2d
481(1985); Kimes, 872 S.W.2d at 702. 

 Based upon the State's response and its new position as to appellant's issues, we
sustain appellant's first issue. Our disposition of issue number one is dispositive of the
appeals. Accordingly, we do not consider any other issues. See Tex. R. App. P. 47.1. 

 We reverse the judgments and remand the cases for further proceedings. Tex. R.
App. P. 43.2. 

 Phil Johnson

 Chief Justice


Do not publish. 




 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).



nishment. The State made no reference during summation to whether
appellant had accepted responsibility for the aggravated sexual assault pending before the
jury. The jury assessed appellant's punishment at 60 years confinement.

 Appellant's first issue asserts that the trial court erred in overruling his challenge for
cause as to veniremember Hayes because she was an employee of the prosecuting
attorney's office. His second issue alleges ineffective assistance of counsel because
counsel failed to object when the prosecutor allegedly commented on appellant's failure to
testify and appellant's exercise of his right to a trial by jury. 

ISSUE ONE: FAILURE TO GRANT

 CHALLENGE TO A VENIREMEMBER

 

 Appellant does not assert that Hayes was personally biased or prejudiced. Instead,
he urges that she was biased as a matter of law because of her employment. 

 To preserve error for appellate review the complaining party must make a timely
objection specifying the grounds for the objection if the grounds are not apparent from the
context; the objection must be made at the earliest possible opportunity; the complaining
party must obtain an adverse ruling from the trial court; and the issue on appeal must
correspond to the objection made at trial. See Tex. R. App. P. 33.1(a)(1)(A) (2); Wilson v.
State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); Dixon v. State, 2 S.W.3d 263, 265
(Tex.Crim.App.1998). 

 Appellant urges that he preserved error in regard to the trial court's denial of his
challenge to Hayes because he complied with the requirements set out in Johnson v. State, 
43 S.W.3d 1 (Tex. Crim. App. 2001): he used a peremptory challenge on Hayes, used all
his remaining peremptory challenges, and asked for an additional peremptory challenge
to strike an objectionable, specified veniremember who served on the jury. We disagree
that appellant's actions to preserve error conformed to those presented in Johnson. 

 In Johnson the trial court erroneously denied Johnson's challenges for cause of two
veniremembers. Johnson used peremptory challenges to strike the two veniremembers
and requested two additional peremptory challenges. The request was denied. Id. at 3.
During voir dire Johnson had identified two objectionable veniremembers who eventually
sat on the jury. Id. at 4. Thus, in Johnson, a non-capital case as is appellant's case, the
defendant requested additional peremptory challenges, identified specific objectionable
veniremembers before his peremptory challenges were exercised, and used peremptory
challenges to strike the disqualified veniremembers before names of the jury members
were called out. See art. 35.26. 

 The record before us shows that appellant did not advise the trial court that he had
used a peremptory challenge to strike Hayes, request an additional peremptory challenge
and identify a specific veniremember who would be struck with the challenge until after he
exercised his peremptory challenges, turned in his strike list, and members of the jury had
been identified. Appellant's facts differ from those in Johnson. 

 Peremptory challenges to prospective jurors are provided pursuant to statute and
are made without assigning any reason. Art. 34.14. In a non-capital felony case such as
the one under consideration, the State and defendant are each entitled to ten peremptory
challenges. Art. 35.15. The challenges are exercised by the parties striking names of
prospective jurors from lists provided by the clerk, then returning the lists to the clerk. In
a felony trial the first twelve names which have not been struck are called and comprise the
jury. See art. 35.26. 

 The trial court's refusal to excuse a disqualified veniremember pursuant to a
challenge for cause is error, see Johnson, 43 S.W.3d at 5, but does not necessarily
constitute harmful error because a peremptory challenge may be used to strike the
disqualified veniremember . See id. at 5-7. But, when a challenge for cause is erroneously
denied and the challenging party uses a peremptory challenge to strike the disqualified
veniremember, then the erroneous denial may be harmful error because the challenging
party has effectively received fewer peremptory challenges than provided by statute. See
id. at 5-6; Martinez v. State, 763 S.W.2d 413, 415 (Tex.Crim.App. 1988). In such a
circumstance the aggrieved party has suffered harmful error if the party (1) used a
peremptory challenge to strike the challenged, disqualified veniremember; (2) exhausted
all remaining peremptory challenges; (3) requested and was denied an additional
peremptory challenge, and (4) identified a specific veniremember who would have been
removed with the additional challenge, and who thereafter sat as a juror. See Johnson, 43
S.W.3d at 2, 4, 5-6; Martinez, 763 S.W.2d at 415. In instances of erroneous denial of
challenges for cause, however, the cases do not always clearly distinguish between steps
required to preserve error from harm analysis. See Johnson, 43 S.W.3d at 5 n.6. 

 In the matter before us, appellant's counsel advised the trial court during voir dire
that a peremptory challenge would be used on Hayes and that an additional peremptory
challenge would be asked for. As of that time, however, voir dire was continuing, appellant
had not exercised any peremptory challenges, he was not in the process of exercising his
challenges, nor did appellant specifically identify any veniremember who would be stricken
if an additional peremptory challenge were to be granted. It was only after the parties had
exercised their peremptory challenges and identities of the jurors were revealed that
appellant advised the trial court that he had actually exercised a peremptory challenge to
strike Hayes, made a request for an additional peremptory challenge, identified one of the
chosen jurors as objectionable, and obtained a ruling on the request. 

 Article 35.26(a) calls for the parties in non-capital felony cases and in capital felony
cases wherein the death penalty will not be sought to make or decline to make peremptory
challenges before names of those to serve as jurors are determined and the jurors are
called. Allowing either party to exercise a peremptory challenge after the jurors are
identified would not comply with the unambiguous statutory language. See art. 35.25 and
art. 35.26. (3) 

 Peremptory challenges in civil cases are exercised in a similar manner as that
provided for in criminal cases: following jury voir dire peremptory challenges are made by
striking or erasing names from venire lists and turning the strike lists in to the clerk. In
district court cases the first twelve names not stricken are called and "shall be the jury." 
See Tex. R. Civ. P. 232, 234. In Carpenter v. Wyatt Constr. Co., 501 S.W.2d 748
(Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd n.r.e.), a civil case, the court addressed
a fact situation similar to the one before us. In Carpenter, a challenge for cause was made
during voir dire of the jury panel. After peremptory challenges were exercised and the jury
had been selected, but before the jury was sworn or seated, the Carpenters made a bill of
exceptions. In their bill, they complained of the overruling of their challenge for cause,
complained that they were forced to use a peremptory challenge on the venireperson
challenged for cause, and identified a specific, chosen juror on whom they would have
exercised the challenge had they not been forced to use the strike on the challenged
venireperson. The court held that the bill of exceptions was not timely to preserve error. 
Id. at 750. 

 Language in Carpenter and other civil cases indicates that in order to preserve error
in civil cases the complaining party must identify objectionable veniremembers before
exercising peremptory challenges. See Hallett v. Houston N.W. Med. Ctr., 689 S.W.2d
888, 890 (Tex. 1985) ("For these reasons the complaining party waives any error by not
timely bringing such error to the attention of the trial court prior to making his peremptory
challenges"); Beavers v. Northrop Worldwide Aircraft Servs., Inc., 821 S.W.2d 669, 673
(Tex.App.-Amarillo 1991, writ denied) (Hallett requires that the trial court be told specifically
which objectionable jurors will remain after peremptory strikes are made and requires such
notification be made prior to the actual exercise of those strikes.); Carpenter, 501 S.W.2d
at 751 ("To preserve error, such objection must be made known before the exercise of
peremptory strikes."). 

 In order for an objection or complaint as to an action of the trial court to be timely,
it must be made at the earliest possible opportunity. See Wilson, 71 S.W.3d at 349; Dixon,
2 S.W.3d at 265. Appellant could have advised the trial court when he actually exercised
his peremptory challenges that he was using a challenge to strike Hayes, was exhausting
the remainder of his challenges, was requesting an additional peremptory challenge and
had to accept a specifically-identified objectionable venireperson because he used a strike
on Hayes. For, it was at that time when appellant's unbridled right to exercise the full
number of statutory peremptory challenges was violated. See Johnson, 43 S.W.3d at 8
(Keller, P.J., concurring). At that point the trial court could have examined appellant's strike
list, reconsidered denial of the challenge for cause, and granted the request for another
peremptory strike. See id. at 8, 9 ("Courts should err on the side of granting for cause
challenges, not on denying them . . . if the trial court gives the defendant sufficient extra
peremptory challenges then the error is cured.") By delaying his request until after the
parties' peremptory challenges had been exercised and the jury members disclosed,
appellant not only failed to make his complaint known at the earliest time, but delayed
making it known until a time outside that provided by statute for exercising peremptory
challenges. See art. 35.25 and art. 35.26. 

 The conclusion follows that appellant did not timely (1) advise the trial court that he
had actually used a peremptory challenge to strike Hayes and had used all his other
peremptory challenges, (4) (2) request an additional peremptory challenge and (3) identify a
specific objectionable juror that he would strike if given an additional peremptory challenge. 
Assuming, without deciding, that the trial court erred in denying appellant's challenge for
cause, error was not preserved for review. TRAP 33.1(a)(1).

 Appellant's first issue is overruled. (5) 

ISSUE TWO: INEFFECTIVE ASSISTANCE 

OF COUNSEL


 Appellant did not testify at either the guilt-innocence or punishment phases of trial. 
He sought probation by offering testimony of other witnesses at the punishment phase as
to his eligibility for probation, conditions placed on sexual offender probationers, success
rates for sexual offenders placed on probation and his past probation history as shown by
prior misdemeanor judgments granting probation which had been introduced by the State. 
Appellant points to three questions asked by the prosecutor on cross-examination of
appellant's witness Adam Puckett, a probation officer for Lubbock County, which appellant
urges as the basis of his ineffective assistance claim. By those three questions the State
asked about and elicited testimony to the effect that a significant relationship existed
between sexual offender probationers accepting responsibility for their crimes and
successful completion of probation, and that most probationers were in that status because
they pled guilty and took responsibility initially. Appellant contends that this line of
questioning improperly commented on his right to remain silent and his trial counsel's
failure to object denied appellant his constitutional right to remain silent. Relying on
Robertson v. State, 100 S.W.3d 36 (Tex.App.-Waco 2002, pet. ref'd), appellant contends
that (1) the prosecutor's comments on responsibility were an improper reference to
appellant's failure to testify; (2) the comments were ongoing and flagrant; (3) trial counsel's
failure to object denied the judge an opportunity to instruct the jury to disregard the
improper reference; (4) the improper remarks greatly affected the jurors during the
punishment phase of the trial; and (5) the improper comments affected the severity of the
punishment imposed by the jury. Hence, appellant contends, his trial counsel was
ineffective and the violation of his constitutional right to remain silent harmed him because
the jury assessed a more severe punishment than it would have assessed otherwise. 

 A claim of ineffective assistance of counsel requires the appellant to show that (1)
counsel's performance was so deficient that counsel was not functioning as the "counsel"
guaranteed under the Sixth Amendment, and (2) counsel's deficient performance
prejudiced appellant, depriving him of a fair trial. Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must prove by a
preponderance of the evidence that there is no plausible professional reason for a specific
act or omission. See Bone v. State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002). Just as
a criminal defendant is entitled to an opportunity to explain himself and present evidence
on his behalf, defense counsel should also ordinarily be accorded an opportunity to explain
his or her actions before being labeled as ineffective. Id. A record which is silent as to why
appellant's trial counsel took or failed to take certain actions is generally not adequate to
establish ineffective assistance of counsel. See Rylander v. State, 101 S.W.3d 107, 111
(Tex.Crim.App. 2003). An appellate court will not use speculation as to the reasons for
questioned actions or omissions of counsel to overcome the strong presumption that
counsel made trial decisions in the exercise of reasonable professional judgment. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App.1994); Lopez v. State, 79 S.W.3d
108, 112 (Tex.App.-Amarillo 2002, no pet.). 

 Appellant references no evidence of reasons for counsel's failure to object to the
State's questions and the witness's responses. Absent such evidence, and based on the
record before us, the presumption that counsel's actions were the product of reasonable
professional judgment prevails. We will not use speculation as to counsel's mental
processes as the basis for concluding that counsel was ineffective. 

 Appellant has not shown that trial counsel's performance was so deficient that
appellant was not afforded the counsel guaranteed by the Sixth Amendment. His second
issue is overruled. 

 The judgment of the trial court is affirmed. 



 Phil Johnson

 Chief Justice




Publish. 













1. 
 " " 
2. 
"" 
3. 
 
 
4. Of course, the record must substantiate the statement.
5. ' 
 ' 
 '