**Jo Ann CARPENTER, et vir, Appellants,**

**v.**

**WYATT CONSTRUCTION COMPANY et al., Appellees.**

**No. 868.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1973.

Rehearing Denied Nov. 21, 1973.

George Payne, Tom R. Letbetter, Garrett & Letbetter, Houston, for appellants.

Howell E. Stone, Alice Giessel, Talbert, Giessel & Stone, Houston, for appellees.

CURTISS BROWN, Justice.

This is a suit for personal injuries.

Appellants with admirable directness base their appellate attack upon the single claimed basis that the trial court erred in overruling the challenge for cause of a juror.

Mrs. Jo Ann Carpenter and her husband (appellants) were being shown a house

that was under construction, and Mrs. Carpenter fell on a stairway. The house was owned by defendant Wyatt Construction Company (Wyatt), and appellants were being shown the house by Wyatt's sales agent. Appellants pointed the finger of fault principally at a handyman employed by Wyatt to maintain these and other premises. Typical fact issues for jury determination were presented, and the trial court entered a take-nothing judgment against the appellants based on a jury verdict.

While being examined by counsel for Wyatt the challenged juror stated:

"(I)t is impossible to keep a place clean when you are under construction, so that would be a fixed opinion there. If a building is under construction, it's impossible to keep it clean."

On examination by appellants' counsel the juror answered "Yes, sir" to the question "Did I hear you, understand you to say that you already have a fixed opinion, that in new construction type work, it is impossible to sweep clean or keep completely clean stairs like I have described in this case, in your opinion?" Under examination by appellees' counsel the juror stated he would "answer the Court's questions that he asks you without regard to any opinion that you might have before we started to trial" and further stated in answer to questions propounded by the court that he would listen to the witnesses and be objective about it and give a fair trial to both sides.

■■■ The trial court overruled a challenge for cause made by appellants with respect to this juror. This was error. Bias or prejudice in favor of or against either party is a disqualification of a juror. Tex.Rev.Civ.Stat.Ann. art. 2134 (1964). It is well settled that this qualification extends not only to the parties, but also to the subject matter of the litigation. Compton v. Henrie, 364 S.W.2d 179, 182 (Tex. Sup.1963). Bias or prejudice may be a question of fact for the trial court, Swap Shop v. Fortune, 365 S.W.2d 151, 154

(Tex.Sup.1963), but the existence of such bias or prejudice disqualifies a juror as a matter of law and removes all discretion from the trial judge. Compton v. Henrie, *supra,* 364 S.W.2d at p. 182.

■ The effort of counsel and the court to "rehabilitate" this juror was to no avail. When a juror is biased or prejudiced, his affirmation "that he can set this aside and try the case fairly upon the law and evidence" should be disregarded. Lumbermen's Insurance Corporation v. Goodman, 304 S.W.2d 139 (Tex.Civ.App.–Beaumont 1957, writ ref'd n. r. e.); Kansas City Life Ins. Co. v. Elmore, 226 S.W. 709 (Tex. Civ.App.–Amarillo 1920, no writ); Texas Cent. R. Co. v. Blanton, 81 S.W. 537 (Tex.Civ.App.1904, no writ); Swap Shop v. Fortune, *supra,* 365 S.W.2d at p. 154.

■ The question remains as to whether appellants have demonstrated harmful error as required by Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764, 774 (Tex. Sup.1964). The challenge for cause was made during the voir dire examination of the jury. After counsel made their peremptory strikes and the jury panel had been selected, but before the jury was sworn or seated, appellants made a bill of exceptions. At that time appellants complained that they had been forced to use a peremptory challenge to strike the juror challenged for cause. As a result they stated in such bill of exceptions that they had no challenge left to strike a selected juror who was employed as a janitor. Appellants strongly urge that the similarity of this juror's job to that of the defendant's employee, principally charged with negligence, prejudiced their case. The question is whether the bill made at such time was timely. We hold that it was not. To preserve error, such objection must be made known *before* the exercise of peremptory strikes. O'Day v. Sakowitz Brothers, 462 S.W.2d 119, 123 (Tex.Civ.App.– Houston (1st Dist.) 1970, writ ref'd n. r. e.); Hammon v. Texas & New Orleans Railroad Company, 382 S.W.2d 155, 162 (Tex.Civ.App.–Tyler 1964, writ ref'd n. r. e.).

Appellants insist that to require them to make known the objectionable juror before the exercise of peremptory strikes is to give an unfair advantage to the other side "of being able to weigh possible error against the desirability of changing its peremptory challenges." We can not accept this argument. Appellants have no vested interest in error. A party would only be required to make known the objectionable juror that he is being forced to accept by reason of the failure of the court to sustain his challenge for cause. If the other side elects to strike this objectionable juror he should have no standing to complain. If the rule were otherwise, it is likely that advocates would always point out one of the twelve on the jury as being "objectionable."

The trial court's error in refusing to dismiss the juror in question for cause was harmless because appellants failed to inform the trial judge before they exercised their peremptory strikes that they would have to accept an objectionable juror.

The judgment is affirmed.