NO. 07-02-0455-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 9, 2004

_____

DWAYNE R. MCBEAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438413; HONORABLE CECIL PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant Dwayne R. McBean appeals from his conviction for aggravated sexual assault and sentence of 60 years confinement. Presenting two issues, he urges that the trial court erred by overruling his challenge to a veniremember and that he received ineffective assistance of counsel during the punishment phase of trial. We affirm.

BACKGROUND

Appellant Dwayne R. McBean and Tina Williams were involved in an extended personal relationship during which Williams and her two children would occasionally visit at appellant's home. During one such stay, Williams discovered appellant sexually assaulting her 13-year old daughter. Appellant was indicted in Lubbock County for aggravated sexual assault. The Lubbock County District Attorney's office represented the State.

Trial was to a jury. One member of the jury venire was Kim Hayes, an assistant district attorney in the Lubbock County DA's office. During *voir dire*, appellant's counsel questioned Hayes as to whether she would be able to be an impartial juror considering that her employer was the agency prosecuting the case. Hayes stated that she had no knowledge of or information as to the case and she could be fair and impartial as a juror. Appellant's counsel challenged her for cause. Appellant's counsel also advised the trial court that there were numerous veniremembers that counsel already had decided to strike and that if a peremptory challenge had to be used to strike Hayes, which it would be, then appellant would have to ask the Court to grant an additional peremptory challenge. The challenge for cause was denied. No other ruling was sought and none was made.

The docket sheet reflects that following *voir dire* of the jury venire the parties exercised their peremptory challenges then the jury was empaneled and sworn. Although the record does not clearly reflect when the State and appellant handed their peremptory challenge lists to the clerk, see TEX. CRIM. PROC. CODE ANN. art 35.25, 35.26(a) (Vernon

1989),[1] the reporter's record shows that at the conclusion of *voir dire* a recess was taken, after which the judge announced which veniremembers would comprise the jury. After the court announced the members of the jury, counsel for appellant stated that one of appellant's peremptory challenges had been exercised to strike veniremember Hayes and the remainder of appellant's challenges had been used. Counsel then identified the seventh juror as objectionable and requested an additional peremptory challenge to strike her. The request was denied and the jury was sworn.

Appellant was found guilty. During the punishment phase of trial the State introduced copies of judgments relating to appellant's prior misdemeanor offenses. Appellant called two witnesses, Doris Leal, an investigator for the Lubbock County District Attorney's Office, and Adam Puckett, a probation officer for Lubbock County. Through Leal appellant raised the issue of accepting responsibility for criminal behavior. Leal confirmed that appellant had been placed on community supervision for a misdemeanor offense, pled true to probation violations during a revocation hearing related to that community supervision, and had accepted responsibility for violating his community supervision. Puckett was called to testify regarding probation conditions for sex offenders. Upon cross-examination by the State, Puckett elaborated on sex offender counseling and the importance of offenders accepting responsibility for the charged offense in order for the counseling to be effective.

During summation at the punishment phase, appellant's counsel reminded the jury that appellant had accepted responsibility for each of the misdemeanor cases and his

---

[1]Reference to a provision of the Code of Criminal Procedure hereafter will be by reference to "art. _."

violations of probation conditions for those cases, and asked the jury to consider probation as an appropriate punishment. The State made no reference during summation to whether appellant had accepted responsibility for the aggravated sexual assault pending before the jury. The jury assessed appellant's punishment at 60 years confinement.

Appellant's first issue asserts that the trial court erred in overruling his challenge for cause as to veniremember Hayes because she was an employee of the prosecuting attorney's office. His second issue alleges ineffective assistance of counsel because counsel failed to object when the prosecutor allegedly commented on appellant's failure to testify and appellant's exercise of his right to a trial by jury.

ISSUE ONE: FAILURE TO GRANT
CHALLENGE TO A VENIREMEMBER

Appellant does not assert that Hayes was personally biased or prejudiced. Instead, he urges that she was biased as a matter of law because of her employment.

To preserve error for appellate review the complaining party must make a timely objection specifying the grounds for the objection if the grounds are not apparent from the context; the objection must be made at the earliest possible opportunity; the complaining party must obtain an adverse ruling from the trial court; and the issue on appeal must correspond to the objection made at trial. See TEX. R. APP. P. 33.1(a)(1)(A)[2]; Wilson v.

---

[2]Reference to a rule of appellate procedure hereafter will be by reference to "TRAP_."

State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App.1998).

Appellant urges that he preserved error in regard to the trial court's denial of his challenge to Hayes because he complied with the requirements set out in Johnson v. State, 43 S.W.3d 1 (Tex. Crim. App. 2001): he used a peremptory challenge on Hayes, used all his remaining peremptory challenges, and asked for an additional peremptory challenge to strike an objectionable, specified veniremember who served on the jury. We disagree that appellant's actions to preserve error conformed to those presented in Johnson.

In Johnson the trial court erroneously denied Johnson's challenges for cause of two veniremembers. Johnson used peremptory challenges to strike the two veniremembers and requested two additional peremptory challenges. The request was denied. Id. at 3. During *voir dire* Johnson had identified two objectionable veniremembers who eventually sat on the jury. Id. at 4. Thus, in Johnson, a non-capital case as is appellant's case, the defendant requested additional peremptory challenges, identified specific objectionable veniremembers before his peremptory challenges were exercised, and used peremptory challenges to strike the disqualified veniremembers before names of the jury members were called out. See art. 35.26.

The record before us shows that appellant did not advise the trial court that he had used a peremptory challenge to strike Hayes, request an additional peremptory challenge and identify a specific veniremember who would be struck with the challenge until after he

exercised his peremptory challenges, turned in his strike list, and members of the jury had been identified.  Appellant's facts differ from those in Johnson.

Peremptory challenges to prospective jurors are provided pursuant to statute and are made without assigning any reason.  Art. 34.14.  In a non-capital felony case such as the one under consideration, the State and defendant are each entitled to ten peremptory challenges.  Art. 35.15.  The challenges are exercised by the parties striking names of prospective jurors from lists provided by the clerk, then returning the lists to the clerk.  In a felony trial the first twelve names which have not been struck are called and comprise the jury.  See art. 35.26.

The trial court's refusal to excuse a disqualified veniremember pursuant to a challenge for cause is error, see Johnson, 43 S.W.3d at 5, but does not necessarily constitute harmful error because a peremptory challenge may be used to strike the disqualified veniremember .  See id. at 5-7.  But, when a challenge for cause is erroneously denied and the challenging party uses a peremptory challenge to strike the disqualified veniremember, then the erroneous denial may be harmful error because the challenging party has effectively received fewer peremptory challenges than provided by statute.  See id. at 5-6; Martinez v. State, 763 S.W.2d 413, 415 (Tex.Crim.App. 1988).  In such a circumstance the aggrieved party has suffered harmful error if the party (1) used a peremptory challenge to strike the challenged, disqualified veniremember; (2) exhausted all remaining peremptory challenges; (3) requested and was denied an additional peremptory challenge, and (4) identified a specific veniremember who would have been removed with the additional challenge, and who thereafter sat as a juror.  See Johnson, 43

S.W.3d at 2, 4, 5-6; Martinez, 763 S.W.2d at 415. In instances of erroneous denial of challenges for cause, however, the cases do not always clearly distinguish between steps required to preserve error from harm analysis. See Johnson, 43 S.W.3d at 5 n.6.

In the matter before us, appellant's counsel advised the trial court during *voir dire* that a peremptory challenge would be used on Hayes and that an additional peremptory challenge would be asked for. As of that time, however, *voir dire* was continuing, appellant had not exercised any peremptory challenges, he was not in the process of exercising his challenges, nor did appellant specifically identify any veniremember who would be stricken if an additional peremptory challenge were to be granted. It was only after the parties had exercised their peremptory challenges and identities of the jurors were revealed that appellant advised the trial court that he had actually exercised a peremptory challenge to strike Hayes, made a request for an additional peremptory challenge, identified one of the chosen jurors as objectionable, and obtained a ruling on the request.

Article 35.26(a) calls for the parties in non-capital felony cases and in capital felony cases wherein the death penalty will not be sought to make or decline to make peremptory challenges before names of those to serve as jurors are determined and the jurors are called. Allowing either party to exercise a peremptory challenge after the jurors are identified would not comply with the unambiguous statutory language. See art. 35.25 and art. 35.26.[3]

_____

[3]Nor does it seem to us such process would accord fair treatment to the opposing party who must exercise peremptory challenges without benefit of knowing which venire members will be on the jury.

Peremptory challenges in civil cases are exercised in a similar manner as that provided for in criminal cases: following jury *voir dire* peremptory challenges are made by striking or erasing names from venire lists and turning the strike lists in to the clerk. In district court cases the first twelve names not stricken are called and "shall be the jury." See TEX. R. CIV. P. 232, 234. In Carpenter v. Wyatt Constr. Co., 501 S.W.2d 748 (Tex.Civ.App.–Houston [14th Dist.] 1973, writ ref'd n.r.e.), a civil case, the court addressed a fact situation similar to the one before us. In Carpenter, a challenge for cause was made during *voir dire* of the jury panel. After peremptory challenges were exercised and the jury had been selected, but before the jury was sworn or seated, the Carpenters made a bill of exceptions. In their bill, they complained of the overruling of their challenge for cause, complained that they were forced to use a peremptory challenge on the venireperson challenged for cause, and identified a specific, chosen juror on whom they would have exercised the challenge had they not been forced to use the strike on the challenged venireperson. The court held that the bill of exceptions was not timely to preserve error. Id. at 750.

Language in Carpenter and other civil cases indicates that in order to preserve error in civil cases the complaining party must identify objectionable veniremembers before exercising peremptory challenges. See Hallett v. Houston N.W. Med. Ctr., 689 S.W.2d 888, 890 (Tex. 1985) ("For these reasons the complaining party waives any error by not timely bringing such error to the attention of the trial court prior to making his peremptory challenges"); Beavers v. Northrop Worldwide Aircraft Servs., Inc., 821 S.W.2d 669, 673 (Tex.App.–Amarillo 1991, writ denied) (Hallett requires that the trial court be told specifically

which objectionable jurors will remain after peremptory strikes are made and requires such notification be made prior to the actual exercise of those strikes.); Carpenter, 501 S.W.2d at 751 ("To preserve error, such objection must be made known *before* the exercise of peremptory strikes.").

In order for an objection or complaint as to an action of the trial court to be timely, it must be made at the earliest possible opportunity. See Wilson, 71 S.W.3d at 349; Dixon, 2 S.W.3d at 265. Appellant could have advised the trial court when he actually exercised his peremptory challenges that he was using a challenge to strike Hayes, was exhausting the remainder of his challenges, was requesting an additional peremptory challenge and had to accept a specifically-identified objectionable venireperson because he used a strike on Hayes. For, it was at that time when appellant's unbridled right to exercise the full number of statutory peremptory challenges was violated. See Johnson, 43 S.W.3d at 8 (Keller, P.J., concurring). At that point the trial court could have examined appellant's strike list, reconsidered denial of the challenge for cause, and granted the request for another peremptory strike. See id. at 8, 9 ("Courts should err on the side of granting for cause challenges, not on denying them . . . if the trial court gives the defendant sufficient extra peremptory challenges then the error is cured.") By delaying his request until after the parties' peremptory challenges had been exercised and the jury members disclosed, appellant not only failed to make his complaint known at the earliest time, but delayed making it known until a time outside that provided by statute for exercising peremptory challenges. See art. 35.25 and art. 35.26.

The conclusion follows that appellant did not timely (1) advise the trial court that he had actually used a peremptory challenge to strike Hayes and had used all his other peremptory challenges,[4] (2) request an additional peremptory challenge and (3) identify a specific objectionable juror that he would strike if given an additional peremptory challenge. Assuming, without deciding, that the trial court erred in denying appellant's challenge for cause, error was not preserved for review. TRAP 33.1(a)(1).

Appellant's first issue is overruled.[5]

ISSUE TWO: INEFFECTIVE ASSISTANCE
OF COUNSEL

Appellant did not testify at either the guilt-innocence or punishment phases of trial. He sought probation by offering testimony of other witnesses at the punishment phase as to his eligibility for probation, conditions placed on sexual offender probationers, success rates for sexual offenders placed on probation and his past probation history as shown by prior misdemeanor judgments granting probation which had been introduced by the State. Appellant points to three questions asked by the prosecutor on cross-examination of appellant's witness Adam Puckett, a probation officer for Lubbock County, which appellant urges as the basis of his ineffective assistance claim. By those three questions the State

---

[4]Of course, the record must substantiate the statement.

[5]Because of our conclusion, we do not address whether appellant's objection to the trial court's denial of his challenge to Hayes was sufficiently specific to preserve error, nor whether, as the State contends, appellant's appellate issue does not correspond to his trial objection. TRAP 47.1.

asked about and elicited testimony to the effect that a significant relationship existed between sexual offender probationers accepting responsibility for their crimes and successful completion of probation, and that most probationers were in that status because they pled guilty and took responsibility initially. Appellant contends that this line of questioning improperly commented on his right to remain silent and his trial counsel's failure to object denied appellant his constitutional right to remain silent. Relying on Robertson v. State, 100 S.W.3d 36 (Tex.App.–Waco 2002, pet. ref'd), appellant contends that (1) the prosecutor's comments on responsibility were an improper reference to appellant's failure to testify; (2) the comments were ongoing and flagrant; (3) trial counsel's failure to object denied the judge an opportunity to instruct the jury to disregard the improper reference; (4) the improper remarks greatly affected the jurors during the punishment phase of the trial; and (5) the improper comments affected the severity of the punishment imposed by the jury. Hence, appellant contends, his trial counsel was ineffective and the violation of his constitutional right to remain silent harmed him because the jury assessed a more severe punishment than it would have assessed otherwise.

A claim of ineffective assistance of counsel requires the appellant to show that (1) counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment, and (2) counsel's deficient performance prejudiced appellant, depriving him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must prove by a preponderance of the evidence that there is no plausible professional reason for a specific act or omission. See Bone v. State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002). Just as

-11-

a criminal defendant is entitled to an opportunity to explain himself and present evidence on his behalf, defense counsel should also ordinarily be accorded an opportunity to explain his or her actions before being labeled as ineffective. Id. A record which is silent as to why appellant's trial counsel took or failed to take certain actions is generally not adequate to establish ineffective assistance of counsel. See Rylander v. State, 101 S.W.3d 107, 111 (Tex.Crim.App. 2003). An appellate court will not use speculation as to the reasons for questioned actions or omissions of counsel to overcome the strong presumption that counsel made trial decisions in the exercise of reasonable professional judgment. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App.1994); Lopez v. State, 79 S.W.3d 108, 112 (Tex.App.–Amarillo 2002, no pet.).

Appellant references no evidence of reasons for counsel's failure to object to the State's questions and the witness's responses. Absent such evidence, and based on the record before us, the presumption that counsel's actions were the product of reasonable professional judgment prevails. We will not use speculation as to counsel's mental processes as the basis for concluding that counsel was ineffective.

Appellant has not shown that trial counsel's performance was so deficient that appellant was not afforded the counsel guaranteed by the Sixth Amendment. His second issue is overruled.

The judgment of the trial court is affirmed.


Phil Johnson

-12-

Chief Justice

Publish.