NUMBER 13-05-00666-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG



 


SAMUEL GROVER IVEY, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the Criminal District Court


 of Jefferson County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 A jury found appellant, Samuel Grover Ivey, guilty of the offense of aggravated
sexual assault of a child (1) and assessed his punishment at thirty years' imprisonment. In
several issues, appellant contends that (1) the trial court erred in allowing the introduction
of extraneous offense evidence, (2) the trial court erred in allowing inappropriate outcry
testimony, and (3) he received ineffective assistance of counsel. Because appellant's
counsel waived his objections to the extraneous offense evidence and the outcry
testimony, the admissibility of that evidence is not preserved for our review. Additionally,
appellant has failed to rebut the presumption that counsel's assistance was effective. 
Accordingly, we affirm.

I. Background


 The State prosecuted appellant for his alleged aggravated assault of J.B. At trial,
the State called J.B. as its first witness. J.B. described in detail how appellant came into
her bedroom, which she shared with her sister, and sexually assaulted her. 

 During J.B.'s testimony, the jury was excused. During the recess, the State
announced that it intended to call J.B.'s sister, R.M., to testify that appellant sexually
assaulted her in the same manner that he assaulted J.B. The State argued that R.M.'s
testimony was admissible despite being character evidence because it fell under the
exception within Texas Rule of Evidence 404(b) as proof of motive, intent, plan, and
scheme. Tex. R. Evid. 404(b).

 Appellant's counsel objected, arguing that there was no showing that such testimony
fell within one of the exceptions in rule 404(b). The trial court overruled appellant's
objection and ruled that the testimony of R.M. was admissible. Appellant's counsel did not
ask for a running objection. Additionally, appellant's counsel did not request that his
objection be applied to all similar testimony relating to the alleged extraneous offense
against R.M.


 Also during the recess, appellant's counsel also objected that outcry statements
from J.B. and R.M. to Nancy Blitch, a Garth House representative, (2) should not be admitted
because Ms. Blitch was not the first adult over eighteen years of age to whom the
complainants reported the alleged abuse. The trial court limited the testimony to general
statements regarding the outcry and to the information contained in the notice of outcry
testimony. Otherwise, the trial court ruled that Ms. Blitch's testimony was admissible.

 After this discussion, the State requested that the trial court also rule on the
admissibility of testimony from a nurse, Angela Dillahunty, who examined both J.B. and
R.M. The trial court refused to hear the issue at that time. The court stated that it was only
considering the outcry testimony at that time. Appellant's counsel then requested
permission to put his objections on the record, but he did not specify to which testimony
the objections applied. He objected that the unidentified testimony was hearsay, was
improper character evidence under Texas Rule of Evidence 404(b), and that it bolstered
"the statements of the witnesses she's already testified to." The trial court overruled these
objections.

 The jury was brought in, and the State continued questioning J.B. The State did not
ask J.B. any questions about appellant's conduct toward R.M. Despite having previously
objected to extraneous offense evidence, appellant's counsel asked J.B. on cross-examination whether "it happened to both you and your sister and [a friend] at the same
time?" After J.B. responded, "No," appellant's counsel asked the following question:
"Different times that you were all present at the same time?" J.B. answered, "Yes."

 After this exchange, the State examined J.B. about appellant's conduct with R.M. 
The State then called R.M., who testified that appellant came into her bedroom and
sexually assaulted her in the same manner as J.B. Appellant's counsel did not
contemporaneously object to R.M's testimony. On cross-examination, appellant's counsel
additionally elicited testimony from R.M. that appellant sexually assaulted her on more than
one occasion. Appellant's counsel inquired into the details of the assaults. Additionally,
appellant's counsel questioned R.M. about whether appellant had sexually assaulted her
friend, who occasionally spent the night at R.M. and J.B.'s house. 

 After R.M. testified, the State offered testimony from Ms. Blitch and Ms. Dillahunty,
Ms. Blitch testified that J.B. and R.M. reported being sexually abused by appellant. 
Appellant's counsel did not object to the testimony when it was offered. 

 During Ms. Dillahunty's direct examination, the State offered into evidence a report
she created during her medical examination of both J.B. and R.M. Appellant's counsel
objected that the reports were hearsay. However, the State also asked Ms. Dillahunty to
recount what J.B. reported to her during the examination. This testimony detailed repeated
sexual assaults by appellant and was admitted without further objection. Later in Ms.
Dillahunty's testimony, she recounted R.M.'s report of repeated sexual assaults by
appellant without an objection by appellant's counsel.

 During his closing arguments, appellant's counsel argued that with every repetition
of the story by J.B. and R.M., the story became more explicit, and the girls used more
detailed language. Appellant's counsel thus argued that someone was encouraging the
children to fabricate their testimony. Referencing Ms. Dillahunty's testimony, he argued
that J.B. and R.M.'s statements to Ms. Dillahunty were nearly identical. He argued that
R.M. and J.B. had discussed their stories prior to being examined and that R.M. was
merely parroting her sister's made-up story. Furthermore, appellant's counsel argued that
there was no physical evidence establishing that appellant assaulted J.B. and R.M., again
specifically relying on Ms. Dillahunty's testimony. 

 After trial, the jury returned a guilty verdict on one count of aggravated sexual
assault of a child. This appeal ensued.

 II. Preservation of Appellate Complaints


 In his first and third issues, appellant contends the trial court erred by admitting
extraneous offense and outcry testimony. Specifically, appellant asserts R.M.'s testimony,
Ms. Blitch's testimony relating R.M.'s outcry, and Ms. Dillahunty's testimony regarding her
examination of R.M. "served no function other than to portray appellant as a sexual
predator of children," in violation of Texas Rule of Evidence 404(b). Tex. R. Evid. 404(b). 
Additionally, appellant complains that the trial court erroneously approved Ms. Blitch as the
outcry witness for R.M. and J.B. because she was not the first person over eighteen years
of age to whom the complainants reported. For the following reasons, however, appellant
waived his objections to this testimony.

A. Rules Regarding Preservation

 Texas Rule of Appellate Procedure 33 governs the preservation of complaints for
appellate review. Tex. R. App. P. 33. "To preserve error for appellate review under Rule
33.1(a), the record must show that 1) the complaining party made a timely and specific
request, objection, or motion; and 2) the trial judge either ruled on the request, objection,
or motion (expressly or implicitly), or he refused to rule and the complaining party objected
to that refusal." Geuder v. State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Generally,
an objection must be contemporaneous with the objectionable testimony and must be
reasserted every time the testimony is offered. Id. 

 There are two exceptions to the contemporaneous objection requirement: an
appellant may preserve error without lodging an objection every time objectionable
testimony is offered if he or she 1) requests a running objection to the testimony, or 2)
objects outside the presence of the jury in accordance with Texas Rule of Evidence
103(a)(1). Id. at 13-14; Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); see
Tex. R. Evid. 103(a)(1). 

 Texas Rule of Evidence 103 provides: "When the court hears objections to offered
evidence out of the presence of the jury and rules that such evidence be admitted, such
objections shall be deemed to apply to such evidence when it is admitted before the jury
without the necessity of repeating those objections." Tex. R. Evid. 103(a)(1). Under this
rule, a party who objects and obtains a ruling on his objection outside the presence of the
jury is not required to object before the jury when that testimony is later offered. Id. 
However, when a party objects to testimony outside the presence of the jury, unless the
party specifies that the objection applies to all similar testimony on a particular subject
matter, the objection only applies to the testimony offered and ruled on during the hearing. 
Scaggs v. State, 18 S.W.3d 277, 293 (Tex. App.-Austin 2000, pet. ref'd) (holding that
appellant must request that objection apply to all testimony on a subject matter); Gillum v.
State, 888 S.W.2d 281, 285 (Tex. App.-El Paso 1994, pet. ref'd) (holding that objection
outside presence of jury only applies to evidence offered at that time). 


 Finally, even if a party makes a timely, specific, and contemporaneous objection,
that objection will be waived if other similar evidence is received without objection. 
Ethington v. State, 819 S.W.2d 854, 858-89 (Tex. Crim. App. 1991); Jaynes v. State, No.
13-04-268-CR, 2006 Tex. App. LEXIS 10124, at *26 (Tex. App.-Corpus Christi Nov. 22,
2006, no pet. h.) (designated for publication). Waiver occurs if similar evidence is admitted
either before or after the objection. Marshall v. State, 210 S.W.3d 618, 631 (Tex. Crim.
App. 2006); Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Jaynes, 2006
Tex. App. LEXIS 10124, at *26. Furthermore, it makes no difference who offers the
evidence admitted without objection. Leday, 983 S.W.2d at 718.

B. Application

 As stated above, evidence of alleged offenses against R.M. was presented through
J.B.'s testimony, R.M.'s testimony, outcry testimony by Ms. Blitch, and Ms. Dillahunty's
testimony. Accordingly, we must evaluate whether an objection was preserved with regard
to all these sources of evidence. 

 Outside the presence of the jury, the State offered the testimony of R.M. Appellant's
counsel objected to R.M.'s testimony. Appellant's counsel then asked the court to rule on
the admissibility of Ms. Blitch's testimony regarding R.M.'s outcry. He objected to her
testimony under Rule 404 and also objected that Ms. Blitch was not an appropriate outcry
witness; however, he did not request that his objection be extended to any witness
testifying on the same subjects. 

 While the trial was recessed, the State also sought to obtain a ruling on Ms.
Dillahunty's testimony regarding her examination of R.M. At that time, the court stated that
it was only considering the outcry testimony and refused to consider Ms. Dillahunty's
testimony. 

 The trial court made it clear that it was not considering Ms. Dillahunty's testimony
at that time. Appellant's counsel did not object and suffer an adverse ruling on the
admissibility of Ms. Dillahunty's testimony outside the presence of the jury. Tex. R. Evid.
103(a)(1); Gillum, 888 S.W.2d at 285. To preserve error, therefore, appellant's counsel
was required to object to Ms. Dillahunty's testimony at the time it was offered and received
by the jury. Tex. R. Evid. 103(a)(1); Gillum, 888 S.W.2d at 285. Because no objection
was raised when Ms. Dillahunty's testimony was presented to the jury, this Court cannot
review the admissibility of her testimony. Tex. R. App. P. 33.1(a)(1).

 Ms. Dillahunty recounted the repeated sexual assaults reported by J.B. and R.M.,
and her testimony was nearly identical to that of J.B., R.M., and Ms. Blitch. An objection
is waived where similar testimony is admitted into evidence before or after the objection,
whether offered by the State or the defendant. Marshall, 210 S.W.3d at 631; Leday, 983
S.W.2d at 718; Jaynes, 2006 Tex. App. LEXIS 10124, at *26. Appellant's objections to
R.M.'s and Ms. Blitch's testimony regarding appellant's extraneous offenses against R.M.
are waived by the failure to object to Ms. Dillahunty's testimony. Appellant cannot
complain that the trial court erred in admitting the extraneous offense evidence and outcry
testimony by R.M. and Ms. Blitch because other such testimony was admitted without
objection. Jaynes, 2006 Tex. App. LEXIS 10124, at *26; Gillum, 888 S.W.2d at 285.

 Finally, we note that after the hearing outside the presence of the jury, appellant's
counsel elicited testimony from J.B. and R.M. about the extraneous offenses against R.M.
Appellant thus admitted into evidence the same testimony that is now the subject of his
complaints. Under these circumstances, we hold that appellant failed to preserve his
complaints for appellate review. Barnes v. State, 165 S.W.3d 75, 81 (Tex. App.-Austin
2005, no pet.) (holding defendant waived objection to testimony by offering the same
evidence after the objection); see also Icenogle v. State, No. 03-05-00316-CR, 2006 Tex.
App. LEXIS 10700, at *5 (Tex. App.-Austin Dec. 14, 2006, no pet. h.) (memorandum
opinion) ("By not objecting and, indeed, eliciting the same testimony of which he now
complains, [appellant] has waived any error . . . ."). 

III. Ineffective Assistance of Counsel


 In his second and fourth issues, appellant claims that his trial counsel was
ineffective for failing to properly object to the extraneous offense evidence and outcry
testimony. We disagree.

 This Court applies the two-pronged Strickland test to determine whether counsel's
representation was so deficient that it violated a defendant's Sixth Amendment right to
counsel. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Jaynes, 2006
Tex. App. LEXIS 10124, at *28; see Strickland v. Washington, 466 U.S. 668, 684 (1984). 
Under Strickland, appellant must establish that (1) "his attorney's representation fell below
an objective standard of reasonableness, and (2) there is a reasonable probability that, but
for his attorney's errors, the result of the proceeding would have been different." Jaynes,
2006 Tex. App. LEXIS 10124, at *28; see Strickland, 466 U.S. at 687. 

 Our review is highly deferential--"an appellant must overcome the strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance." Jaynes, 2006 Tex. App. LEXIS 10124, at *29. The appellant bears the
burden of proving both elements of an ineffective assistance claim by a preponderance of
the evidence. Munoz v. State, 24 S.W.3d 427, 434 (Tex. App.-Corpus Christi 2000, no
pet.). 

 The acts or omissions complained of must appear on the record. Id. The Texas
Court of Criminal Appeals has observed that in most cases on direct appeal, a silent record
providing no explanation for counsel's conduct will be insufficient to overcome the
presumption of reasonableness. Goodspeed, 187 S.W.3d at 392. It is "critical that the
defendant obtain the necessary record in the trial court to rebut the Strickland presumption
that counsel's conduct was strategic." Batiste v. State, No. 01-04-00460-CR, 2006 Tex.
App. LEXIS 8822, at *19 (Tex. App.-Houston [1st Dist.] Oct. 12, 2006, no pet.) (designated
for publication); Green v. State, 191 S.W.3d 888, 894-95 (Tex. App.-Houston [14th Dist.]
2006, pet. ref'd).

 An appropriate record--including counsel's reasons for his actions--is usually
prepared at a hearing on a motion for new trial or developed by a writ of habeas corpus. 
Batiste, 2006 Tex. App. LEXIS 8822, at *19-20. "'[T]rial counsel should ordinarily be
afforded an opportunity to explain his actions before being denounced as ineffective.'" 
Goodspeed, 187 S.W.3d at 392 (quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex.
Crim. App. 2003)). Absent an opportunity for the attorney to explain his actions, an
appellate court should not "find deficient performance unless the challenged conduct was
'so outrageous that no competent attorney would have engaged in it.'" Goodspeed, 187
S.W.3d at 392 (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

 Appellant did not file a motion for new trial, and there is no affidavit from appellant's
trial counsel explaining his actions. Nor does appellant cite any evidence in the record
demonstrating counsel's reasons for failing to object to Ms. Dillahunty's testimony. Several
courts have held that the failure to object to extraneous offense evidence and outcry
testimony could be a plausible trial strategy. Batiste, 2006 Tex. App. LEXIS 8822, at *20;
Heiman v. State, 923 S.W.2d 622, 625 (Tex. App.-Houston [1st Dist.] 1995, pet. ref'd); see
also Vega v. State, No. 01-05-00358-CR, 2006 Tex. App. LEXIS 1513, at *9-12 (Tex.
App.-Houston [1st Dist.] Feb. 23, 2006, pet. ref'd). 

 In fact, during his closing arguments, appellant's counsel argued that with every
repetition of the story by J.B. and R.M., the story became more explicit, and the two sisters
used more detailed, adult language. Appellant's counsel thus argued that someone was
encouraging the children to fabricate their testimony. Referencing Ms. Dillahunty's
testimony, he argued that J.B. and R.M.'s statements to Ms. Dillahunty were nearly
identical. He argued that R.M. and J.B. had discussed their stories prior to being examined
and that R.M. was merely parroting her sister's made-up story. Furthermore, appellant's
counsel argued that there was no physical evidence demonstrating that appellant
assaulted J.B. and R.M., again specifically relying on Ms. Dillahunty's testimony. We cannot say, on this record and without any explanation from counsel, that
counsel's failure to preserve his objections was not trial strategy. Goodspeed, 187 S.W.3d
at 393-94 (recognizing possible trial strategies and refusing to find ineffective assistance
of counsel without allowing counsel to respond); McBean v. State, 167 S.W.3d 334, 341
(Tex. App.-Amarillo 2004, pet. ref'd) (holding that appellant failed his burden by failing to
reference evidence of reasons for counsel's conduct). Given the lack of evidence of trial
counsel's true intentions, we are required to reject appellant's claim of ineffective
assistance of counsel. Goodspeed, 187 S.W.3d at 393-94. Because we find that
appellant has not satisfied the first element of Strickland, we need not determine whether
the result would have been different if counsel had objected. Tex. R. App. P. 47.1.

IV. Conclusion


 For all the foregoing reasons, we conclude that appellant's counsel failed to
preserve appellant's objections to the extraneous offense and outcry testimony, but we find
that the record on direct appeal does not demonstrate that counsel's assistance was
ineffective. Accordingly, we affirm the trial court's judgment of conviction.


 __________________________

 GINA M. BENAVIDES

 Justice



Do not publish.

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 26th day of April, 2007.

1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006).
2. According to Ms. Blitch, the Garth House is a "children's advocacy program where children who
have made allegations of severe physical abuse or sexual abuse come to be videotape interviewed."