

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-270-CR

JOHN REDFEARN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant John Redfearn appeals his conviction for felony driving while intoxicated (DWI) and his sentence of 75 years' confinement. In three issues, he alleges that the trial court erred by denying his challenges for cause to certain prospective jurors and by admitting certain evidence. We overrule each of Appellant's issues and affirm the trial court's judgment.

---

[1] *See* Tex. R. App. P. 47.4.

## BACKGROUND FACTS

On August 9, 2008, Robert Mayo, a Denton resident, left work at approximately 2:30 a.m. As Mayo was driving home, he approached the intersection of Carol and Sherman Streets to turn onto Sherman Street. Appellant was sitting in the driver's seat of his car, which was parked on Carol Street in the left turn lane with its lights on and the engine running. Appellant had the go-ahead but did not move. Mayo waited for about thirty seconds before deciding to go and continue home. Once there, Mayo spoke with his girlfriend and then went out again to get some fast food. In doing so, Mayo drove past the Carol Street intersection and noticed that Appellant was still sitting in his car.

Meanwhile, two men were standing near a closed gas station at the same intersection. One of the men had approached Appellant's car in an effort to wake him. In response, Appellant drove very slowly on the wrong side of the road. Mayo called 911 and was relaying information about Appellant's driving behavior and location to the operator while watching Appellant continue driving at approximately two miles per hour. Appellant turned his car into a parking lot and drove off of a two-foot-high embankment. He then drove through another parking lot and into a car wash.

Jerrett Klar, an officer with the City of Denton Police Department who was assigned to DWI enforcement, was dispatched to the car wash where Mayo had

reported seeing Appellant, who appeared intoxicated. As Klar arrived, Appellant was getting out of his car.

Klar immediately noticed that Appellant's breath smelled strongly of alcohol and that his eyes were red and glassy. Klar asked Appellant to rank his own level of intoxication, and Appellant said he was a four on a scale of ten. When asked if he was safe to drive, Appellant said, "the honest truth, no," and, "I don't need to be out here on the road." Appellant asked Klar if he could just be arrested for public intoxication.

Klar administered three field sobriety tests to Appellant: the horizontal gaze nystagmus (HGN) test, the one-leg-stand test, and the alphabet test. Appellant failed all three. Appellant then refused to take a breath or blood test.

Appellant was indicted for felony DWI, enhanced jurisdictionally by two stipulated prior misdemeanor DWI's. The State also alleged two previous felony convictions to enhance Appellant's punishment. Appellant was convicted and sentenced to 75 years' confinement.

## CHALLENGES FOR CAUSE

Appellant contends in his first issue that the trial court erred by refusing his challenges for cause to certain jurors based on their expressed difficulty in considering the minimum range of punishment for a person convicted of felony DWI.

3

*Preservation of Error*

To preserve error regarding a trial court's denial of a challenge for cause, a defendant must: (1) exercise a peremptory challenge on a venire member whom the trial court should have excused for cause; (2) exhaust all of his peremptory challenges; (3) request and be denied an additional peremptory challenge; (4) identify the objectionable venire member who actually sat on the jury whom he would have struck otherwise; and (5) make the trial court aware of his complaint at a time and in a manner wherein it could be corrected. *Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004); *see Johnson v. State*, 43 S.W.3d 1, 5–6 (Tex. Crim. App. 2001); *Payton v. State*, 572 S.W.2d 677, 680 (Tex. Crim. App. 1978); *see also* Tex. R. App. P. 33.1.

Furthermore, an appellant challenging denials of challenges for cause is entitled to appellate review of denials only with respect to jurors he used statutory peremptory strikes to exclude. *Busby v. State*, 253 S.W.3d 661, 671 (Tex. Crim. App.), *cert. denied*, 129 S. Ct. 625 (2008).

*Jury Selection in this Case*

During voir dire, the State asked prospective jurors whether they could "imagine a set of circumstances" in which they could consider assessing the minimum punishment of two years' confinement for a felony DWI.

Appellant asked the panel members to consider another option—that an accused who is eligible may receive a probated sentence—asking them, "When you

4

have somebody who's been shown to be eligible for probation, what I'd like to know is whether you can consider or conceive of a set of facts where you can give probation."

Twenty-one or twenty-two prospective jurors responded that they could not consider probation under those circumstances. Of these, the trial court granted certain challenges for cause for other reasons. Appellant then challenged for cause the remaining prospective jurors who could not consider probation. The State argued that he was factually ineligible for probation (because of Appellant's prior felony convictions), and thus probation did not apply. The trial court overruled Appellant's challenges to the panel members in question.

Appellant then used his peremptory challenges or "strikes" on six persons whom he had attempted to challenge for cause based on their responses to the "probation consideration" question. He did not, however, exercise strikes on four of the jury members whom he had challenged on the ground that they had expressed difficulty considering probation. Instead, he exhausted his remaining strikes on four other venire members. Appellant then requested additional strikes. The trial court denied his request, and the jury was seated and sworn.

Because Appellant did not use all of his peremptory challenges on the "objectionable" prospective jurors he contends the trial court erred to admit over his challenge for cause, he has failed to properly preserve this issue on appeal. *See* Tex. R. App. P. 33.1(a)(1); *Busby*, 253 S.W.3d at 670–71. In cases dealing with the

5

trial court's denial of a challenge for cause, an appellant is required to show that he (1) exercised a peremptory on a challenged-for-cause venire member, which challenge was erroneously denied; (2) exhausted his peremptory challenges; (3) was denied a request for additional peremptory challenge; and (4) identified an objectionable juror who served on the case. *Johnson v. State*, 43 S.W.3d at 5–6. Most cases seem to assume, without discussion, that by the term "objectionable juror" is meant a juror who was subject to a challenge for cause which challenge was denied by the trial court.

A case which is specific in this regard and quite similar to this case on this issue is *Brantley v. State*, 48 S.W.3d 318 (Tex. App.—Waco 2001, pet. ref'd). In *Brantley*, the defendant challenged for cause twenty-three jurors who indicated that they could not consider the full range of punishment. The trial court granted seven of those challenges and overruled sixteen. Two of those objectionable jurors sat on the jury, and the trial court denied a request for additional peremptory challenges. The defendant used four peremptory challenges on those who could not consider probation, and the other six against venire members who had not been challenged for cause. The court of appeals held that the defendant could have used the six peremptory challenges on those who had been subject to a challenge for cause which was erroneously denied—therefore, he could not show harm. *Id.* at 328.

As in *Brantley*, here, Appellant used four peremptory challenges on venire members who he had not challenged for cause that he could have used on those who he had challenged for cause. Because he did not, he does not show harm. *Id.*

An additional basis for holding for the State is that Appellant did not timely request additional peremptory challenges. The time to make, or not make, peremptory challenges is before the names of jurors are called by the clerk. Tex. Code Crim. Proc. Ann. arts. 35.01 (Vernon Supp. 2009), 35.26 (Vernon 2006). This is basic. In referring to the practice of allowing peremptory challenges after the names of the jurors are called, one court, after concluding that a request for additional peremptory challenges was untimely, opined, "Nor does it seem to us such process would accord fair treatment to the opposing party who must exercise peremptory challenges without benefit of knowing which venire members will be on the jury." *McBean v. State*, 167 S.W.3d 334, 338 n.3 (Tex. App.—Amarillo 2004, pet. ref'd). Accordingly, we overrule Appellant's first issue.

### ADMISSION OF DEMONSTRATIVE EVIDENCE

Appellant claims, in issues two and three, that the trial court erred by admitting State's Exhibit 2, a CD which the State introduced to assist the arresting officer in explaining the effects of alcohol on a person's eyes with and without increased nystagmus. The trial court overruled Appellant's objections, admitted the CD, and then permitted Officer Klar to use the CD in his testimony. Appellant now complains that the CD was inadmissible both because the CD was more prejudicial than

7

probative under rule 403 of the Texas Rules of Evidence and because the State failed to lay the proper predicate as required by rule 701. Appellant also asserts that the trial court erred by admitting the arresting police officer's testimony regarding his administration of the HGN test to Appellant.

*Standard of Review*

The admissibility of evidence is within the discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Reed v. State*, 59 S.W.3d 278, 280 (Tex. App.—Fort Worth 2001, pet. ref'd). As long as the trial court's ruling lies within the zone of reasonable disagreement, the appellate court should affirm. *Moses*, 105 S.W.3d at 627. The trial court, as gatekeeper, has the discretion to decide whether a proponent of evidence has laid the proper predicate for its admission. *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex. Crim. App. 1990). We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 378–80 (Tex. Crim. App. 1991) (op. on reh'g). Moreover, if the trial court's ruling with regard to the admission of evidence is correct under any theory of law applicable to the case, we will not disturb that ruling on appeal. *Romero*, 800 S.W.2d at 543; *Reed*, 59 S.W.3d at 280–81.

Before demonstrative evidence is admitted at trial, it must be properly authenticated. *Baker v. State*, 879 S.W.2d 218, 220 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd); *see also* Tex. R. Evid. 701. Once authenticated,

8

demonstrative evidence is admissible to help a witness demonstrate or explain his testimony. *Torres v. State*, 116 S.W.3d 208, 213 (Tex. App.—El Paso 2003, no pet.). Visual, real, or demonstrative evidence, regardless of which term is applied, is admissible if it tends to solve some issue in the case and is relevant to the subject at hand. *Simmons v. State*, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981). HGN test results are generally regarded as scientifically reliable and admissible when properly authenticated. *Emerson v. State*, 880 S.W.2d 759, 768–69 (Tex. Crim. App.), *cert. denied*, 513 U.S. 931 (1994).

*Use of Demonstrative Evidence at Appellant's Trial*

Here, Klar testified that he had reviewed State's Exhibit 2, the CD, before trial and that it depicted an example of nystagmus in a person in a controlled environment without the increased nystagmus due to alcohol and that the CD would help the jury understand his testimony regarding the HGN test that he had administered to Appellant. Klar then told the jurors that he had administered the HGN test to Appellant. He used State's Exhibit 2 to help explain to the jurors what he looked for in administering the HGN test to Appellant. Klar then told the jury that when he administered the HGN test, Appellant exhibited six out of the six indicators of intoxication.

State's Exhibit 2 was not offered as substantive evidence of Appellant's intoxication, but as a tool to help the arresting police officer explain the HGN test that he performed on Appellant. *See Torres*, 116 S.W.3d at 213. Under these

9

circumstances, the CD was admissible as demonstrative evidence of what the test and procedure are in the conduct of an HGN test. *See* Tex. R. Evid. 701. Moreover, the probative value of State's Exhibit 2 was not substantially outweighed by the danger that it would unfairly prejudice the jurors. Tex. R. Evid. 403; *Montgomery*, 810 S.W.2d at 389. Thus, the trial court's ruling admitting the CD was not an abuse of discretion. We overrule issues two and three.

Having overruled each of Appellant's issues, we affirm the trial court's judgment.

CHARLES BLEIL
JUSTICE

PANEL: DAUPHINOT and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 26, 2010