NO.  07-10-0154-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                                MARCH
7, 2011

                                            ______________________________

 

                                             BRADLEY LAWRENCE RIGGS, JR.,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                            ______________________________

 

                      FROM THE 249th DISTRICT
COURT OF JOHNSON COUNTY;

 

                             NO. F44129; HON.
WAYNE BRIDEWELL, PRESIDING

                                            ______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRLTE, JJ.

            Bradley Lawrence Riggs, Jr.
(appellant) appeals his convictions for three counts of aggravated sexual
assault of a child under fourteen years of age.  Through four issues, appellant contends that
1) the trial court erred in admitting hearsay evidence, 2) the trial court
erred by failing to instruct the jury about the possibility of appellant’s
sentences being ordered to run consecutively, 3) the trial court erred in
entering an order allowing his sentences to run consecutively because the punishment
assessed was disproportionate, cruel and unusual, and 4) §3.03(b)(2) of the Texas Penal Code and
article 21.24 of the Texas Code of Criminal Procedure are unconstitutional as
applied to him.  We affirm.

Issue One – Hearsay

            Appellant
contends that the State elicited impermissible hearsay from defense witness
William Flynn, a psychologist, when it asked him about various “re-offender
risk factors standardized by the Association for the Treatment of Sexual
Abusers.”  Assuming arguendo that appellant’s objection encompassed hearsay, the complaint was
not uttered until the State had already addressed four such factors without
objection from anyone.  

            To
preserve error for review, the appellant must make a timely,
or contemporaneous objection.  McBean v. State, 167 S.W.3d 334, 337 (Tex.
App.–Amarillo 2004, pet. ref’d).  That
requirement is satisfied when the complaint is uttered at its earliest
opportunity.  Id.  Waiting until the
witness answered multiple questions on the same subject before complaining
falls short of satisfying the test.  Lagrone v. State, 942 S.W.2d
602, 618 (Tex. Crim. App. 1997) (so holding).  Therefore, we overrule appellant’s first
issue.

Issue Two – Consecutive Sentences

            Next,
appellant contends that the trial court should have instructed the jury that the
sentences it levied could run consecutively. 
This is purportedly so because statute mandates that the jury be told about parole and good time credit.  See Tex. Code Crim. Proc. Ann. art. 37.07,
§4(c) (Vernon Supp. 2010).  Yet,
he cites us to no statute mandating that the jury be told of consecutive
sentencing.  Nor would affording the jury
an instruction on that topic comport with authority.  See Clay
v. State, 102 S.W.3d 794, 798 (Tex. App.–Texarkana 2003, no pet.) (holding that
it would have been improper for the trial court to instruct the jury on the
consecutive sentencing laws or the effect of such laws on the amount of time
the appellant would serve); Levy v. State,
860 S.W.2d 211, 213 (Tex. App.–Texarkana
1993, pet. ref'd) (holding that the trial court did
not err when it refused to instruct the jury that the sentences would run
consecutively).   Therefore, we overrule appellant’s second
issue.

Issue Three – Cruel and Unusual
Punishment

In his third issue, appellant contends
that ordering the three sixty-year sentences to run consecutively was “disproportionate
to appellant’s past record and future prospects for
rehabilitation.”  Thus, the sentence
evinced an instance of “cruel and unusual punishment.”  This argument went unmentioned below.  Thus, it was waived.  Castaneda v. State, 135 S.W.3d 719, 723 (Tex. App.–Dallas 2003, no pet.).  The issue is overruled.

Issue Four – Unconstitutional As
Applied to Appellant

In his fourth issue, appellant contends
that §3.03(b)(2) of the Texas Penal Code (involving
the authority to stack sentences) and article 21.24 of the Texas Code of
Criminal Procedure (involving the joinder of multiple
counts in one indictment) are unconstitutional as applied to him.  This argument also went unmentioned below,
and, therefore, was waived.  Curry v. State, 910 S.W.2d 490, 496
(Tex. Crim. App. 1995) (holding that the constitutionality of a statute as
applied to the appellant must be raised in the trial court to preserve the
complaint for review).  Nor was any
authority cited by appellant to support his contention.  This too results in it being waived due to inadequate
briefing.  See Cardenas v. State, 30 S.W.3d 384, 393
(Tex. Crim. App. 2000).  So, we overrule
the issue.     

Accordingly, the judgment of the trial
court is affirmed.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

Do
not publish.